**Margaret SCHARF et al.**

v.

**Harold F. CHORNEY et al.**

No. 94–619–A.

Supreme Court of Rhode Island.

Oct. 26, 1995.

Joseph C. Lopes, Providence.

Bruce Sawyer, Lincoln.

Harold Chorney, pro se.

## ORDER

This case came before a hearing panel of the Supreme Court for oral argument on October 17, 1995, pursuant to an order that directed both parties to show cause why the issues raised by the appeals in this case should not be summarily decided.

After reviewing the memoranda submitted by counsel for the parties and after considering the arguments of counsel, we are of the opinion that cause has not been shown. Therefore, the case will be decided at this time.

The defendants, Harold F. Chorney and Louis M. Chorney, have appealed from an order of the Superior Court that granted the motion for issuance of execution on a foreign judgment, which motion was made by plaintiff, Margaret Scharf, executrix for and on behalf of the Estate of Ora Richard, and Margaret Scharf, Individually. The defendants have filed separate appeals, in which Louis Chorney was represented by counsel and Harold Chorney appeared pro se ipso.

The plaintiff filed suit against defendants in Ohio in June 1991 for fraudulent misrepresentation and obtained judgment in August 1992 in the amount of $126,858. Soon thereafter, plaintiff sought to enforce the Ohio judgment in Rhode Island, but defendants objected to the issuance of execution on the grounds that the Ohio court lacked jurisdiction over them. This objection was denied, and the Superior Court ordered execution of the judgment.

The sole issue on appeal concerns the trial justice's application of full faith and credit to the Ohio judgment. The trial justice in fact reviewed the participation of defendants in the Ohio litigation and the issues litigated therein. The defendants argued that the Ohio court lacked in personam jurisdiction over them and that therefore the issue of Ohio's jurisdiction over them was open to attack in Rhode Island.

It appears undisputed that the issue of jurisdiction was raised in Ohio, and that after

losing on that issue defendants fully participated in Ohio in a trial on the merits. After losing at trial in Ohio, the defendants appealed to the Ohio Court of Appeals that affirmed the judgment. The defendants sought no further review in Ohio.

Because defendants admitted in the Superior Court in Rhode Island that they had participated in the Ohio trial and appeal and that they were asserting identical arguments and issues as were raised in Ohio, the Rhode Island trial justice determined that defendants were in essence asking him to sit as an appellate court in review of the Ohio judgment. The trial justice correctly noted that the case before us is not one in which a judgment was entered by default. Moreover, the trial justice proceeded by determining that the jurisdictional question had been litigated and decided in Ohio and that defendants had fully participated in those proceedings. In making these determinations, the trial justice conducted an inquiry as required by the United States Supreme Court in *Underwriters National Assurance Co. v. North Carolina Life & Accident & Health Insurance Guaranty Assn., et al.,* 455 U.S. 691, 102 S.Ct. 1357, 71 L.Ed.2d 558 (1982). Therefore, we are of the opinion that the trial justice correctly concluded that the Ohio judgment was entitled to full faith and credit.

Consequently, we deny and dismiss the defendants' appeals and affirm the judgment of the Superior Court to which we return the papers in the case.

MURRAY and SHEA (Ret.), JJ., did not participate.